IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMY D.,[1]

    Plaintiff,

v.

Commissioner, Social
Security Administration,

    Defendant.

3:18-cv-01476-BR

OPINION AND ORDER

**BRIAN SCOTT WAYSON**
Cascadia Disability Law LLC
P.O. Box 12028
Portland, OR 97212
(503) 891-8376

    Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1021

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental party.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH ELIZABETH MOUM**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2936

   Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Amy D. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on June 4, 2014, alleging a disability onset date of January 1, 2013. Tr. 231-37.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on December 19, 2016. Tr. 62-91. At the hearing

---

[1] Citations to the official transcript of record filed by the Commissioner on December 14, 2018, are referred to as "Tr."

2 - OPINION AND ORDER

Plaintiff amended her disability onset date to June 15, 2014. Tr. 65. Plaintiff was represented by an attorney at the hearing. Plaintiff and a vocational expert (VE) testified. The ALJ held a supplemental hearing on June 5, 2017, at which a medical expert (ME) and VE testified.

The ALJ issued a decision on June 22, 2017, in which he found Plaintiff was not disabled from June 15, 2014, through the date of the ALJ's decision and, therefore, is not entitled to benefits. Tr. 23-38. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 19, 2018, when the Appeals Council denied Plaintiff's request for review. Tr. 1-7. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on January 24, 1962; was 54 years old at the time of the first hearing; and was 55 years old at the time of the supplemental hearing. Tr. 231. Plaintiff has a college degree. Tr. 28. The ALJ found Plaintiff has past relevant work experience as a controller and financial director. Tr. 36.

Plaintiff alleges disability during the relevant period due to depression, "short-term memory problems," post-traumatic stress disorder (PTSD), migraines, sleeping problems, arthritis, and Hashimoto's disease. Tr. 93-94.

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 30-34.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity (SGA) since June 15, 2014. Tr. 25.

At Step Two the ALJ found Plaintiff had the severe impairments of affective disorder, anxiety disorder, and PTSD during the relevant period. Tr. 25. The ALJ found Plaintiff's migraine headaches, obstructive sleep apnea, alcohol use, and irritable bowel syndrome (IBS) were not severe impairments during the relevant period. Tr. 26.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 26. The ALJ found Plaintiff had the RFC to perform "a full range of work at all exertional levels" with the following limitations: Plaintiff could perform "simple, routine tasks at the svp 1-2 level, with general education development levels not exceeding 2 in math, reasoning, or language"; engage in "superficial public contact"; and have "superficial coworker and supervisor contact." Tr. 28.

At Step Four the ALJ found Plaintiff was unable to perform her past work during the relevant period. Tr. 36.

At Step Five the ALJ found Plaintiff could perform other work that existed in the national economy during the relevant period. Accordingly, the ALJ concluded Plaintiff was not

8 - OPINION AND ORDER

disabled from June 15, 2014, through June 22, 2017, the date of the ALJ's decision. Tr. 37.

**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) found at Step Two that Plaintiff's migraines and IBS were not severe impairments; (2) partially rejected Plaintiff's testimony; and (3) partially rejected lay-witness statements. Plaintiff also alleges the Appeals Council erred when it found the August 25, 2017, Function Questionnaire completed by Mary Desch, M.D., treating psychiatrist, did "not relate to the period at issue." Tr. 2.

**I. The ALJ did not err at Step Two.**

Plaintiff contends the ALJ erred at Step Two when he found Plaintiff's migraine headaches and IBS were not severe impairments during the relevant period.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and

9 - OPINION AND ORDER

aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b).  Plaintiff has the burden at Step Two to establish the existence of a severe impairment and to show any error is harmful.

The record does not reflect any opinion by a medical or nonmedical treating source that indicates Plaintiff's migraines or IBS are severe limitations.  For example, the one treatment note in the record that addresses Plaintiff's IBS notes her condition is managed with Metamucil and dietary changes.  Tr. 1152.  Similarly, the record does not reflect Plaintiff suffered debilitating limitations from migraine headaches during the relevant period.

In addition, the Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe at Step Two does not prejudice a claimant if the ALJ considered the impairments when formulating his assessment of Plaintiff's RFC.  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).  *See also Buck v. Berryhill*, No. 14-35976, 2017 WL 3862450, at *5 (9th Cir. 2017) ("[S]tep two was decided in [the plaintiff's] favor after both hearings.  He could not possibly have been prejudiced.  Any alleged error is therefore harmless and cannot be the basis for a

10 - OPINION AND ORDER

remand.")(citation omitted)).

The Court, therefore, concludes on this record that the ALJ did not err when he failed to find at Step Two that Plaintiff's IBS and migraines were severe impairments during the relevant period.

## II. The Appeals Council erred when it found Dr. Desch's August 25, 2017, Function Questionnaire did not relate to the period at issue.

Plaintiff contends the Appeals Council erred when it found Dr. Desch's August 25, 2017, Function Questionnaire did not relate to the period at issue.

After the ALJ issued his decision Plaintiff submitted to the Appeals Council a Function Questionnaire completed by Dr. Desch, Plaintiff's treating psychiatrist, on August 25, 2017. In her opinion Dr. Desch stated she would "expect [Plaintiff] to miss 16 hours or more a month from even a simple sedentary job . . . due to the severity of her depression." Tr. 18. The Appeals Council considered Dr. Desch's opinion and concluded it "does not affect the [ALJ's] decision about whether [Plaintiff] was disabled" during the relevant period. Tr. 2.

The Ninth Circuit has held when the Appeals Council considers new evidence in deciding whether to review an ALJ's decision, that evidence becomes part of the administrative record and the Court must consider it, together with the record as a whole, when reviewing the ALJ's decision. *Brewes v. Comm'r of*

11 - OPINION AND ORDER

*Soc. Sec.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007) (when the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review."). "If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence." *McQueen v. Berryhill*, No. 2:18-CV-00511 AC, 2019 WL 1923232, at *5 (E.D. Cal. Apr. 30, 2019)(citing *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001)).

Dr. Desch states in the August 25, 2017, Function Questionnaire that her treatment notes "10/01/2015 to last appointment 8/01/17" and Plaintiff's medical record are the basis for her statement that Plaintiff could miss 16 or more hours per month from "even a simple sedentary job" due to her depression. Tr. 18. Accordingly, the Court concludes the Appeals Council erred when it found Dr. Desch's August 25, 2017, opinion would not affect the ALJ's decision as to Plaintiff's disability during the period at issue.

The Court notes Dr. Desch had treated Plaintiff for

12 - OPINION AND ORDER

depression for nearly two years at the time she offered her opinion, and her opinion is the only one in the record by a treating psychiatrist. In addition, at the first hearing the VE testified "if a person [is] absent two or more days a month," she is not "typically employable in the national economy." Tr. 88. Thus, the Court concludes the ALJ could reasonably find Dr. Desch's opinion, in combination with the VE's testimony, supports a finding that Plaintiff was disabled during the relevant period. Dr. Desch's opinion, therefore, "creates a reasonable possibility of a different outcome." *McQueen*, 2019 WL 1923232, at *6.

## **REMAND**

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172,

13 - OPINION AND ORDER

1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary because, as noted, the ALJ could reasonably find Dr. Desch's opinion, in combination with the VE's testimony, supports a finding that Plaintiff is disabled.  Dr. Desch's opinion, therefore, creates the reasonable possibility of a different outcome.  Thus, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ to consider Dr. Desch's August 25, 2017, opinion and to reconsider Plaintiff's testimony and the lay-witness statements in light of Dr. Desch's medical opinion.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

14 - OPINION AND ORDER

28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 25th day of June, 2019.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge